IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


GEORGE LEE,

        Plaintiff,                        CV F 04 5587 AWI WMW P

     vs.                               ORDER DISMISSING COMPLAINT
                                       WITH LEAVE TO AMEND

A. K. SCRIBNER, et al.,

        Defendants.


Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Solano State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison.  Plaintiff names as defendants Warden Scribner, Correctional Officer (C/O) Lopez and Medical Technical Assistant (MTA) Miller.

Plaintiff's claim in this complaint is that he was subjected to excessive force.  The event at issue occurred on October 9, 2003.  On that date, Plaintiff was denied entry to the dining hall because he did not have his identification.  Plaintiff asked to speak to a sergeant.  A correctional officer "jumped in front of me, stating 'you ain't talking to nobody.'" Plaintiff asked

1    the C/O "who the fuck was he, to tell me who I could talk to?"  Plaintiff further stated "what was

2    he going to do, jump me?"   The C/O ordered Plaintiff to turn around so that he could place

3    handcuffs on him.  Plaintiff advised the C/O that he had a chrono that allowed for waist chains or

4    handcuffs in the front.  The C/O then "grabbed me from behind, threw me to the ground and

5    dropped his knee into my back, although I warned him he had a bad back."

6              Plaintiff was then "dragged" toward the medical office.  Medical personnel

7    arrived with a wheelchair.  Plaintiff was transported to the medical office in the wheelchair.

8    Plaintiff alleges that once he was in the medical office, he was "handled in a way to provoke me

9    into resisting."   Plaintiff was placed into a security cage "with no regard for the pain that I was

10   in."  MTA Miller "then proceeded to kick my feet because I had trouble lifting my feet."

11             Plaintiff alleges that he was told that he would not be placed in Administrative

12   Segregation or issued a disciplinary report if he signed a form stating that "there was nothing

13   wrong with my back."  Plaintiff signed the form "under duress and fear."

14             The statute under which this action proceeds plainly requires that there be an

15   actual connection or link between the actions of the defendants and the deprivation alleged to

16   have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658

17   (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person

18   'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983,

19   if he does an affirmative act, participates in another's affirmative acts or omits to perform an act

20   which he is legally required to do that causes the deprivation of which the complaint is made."

21   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22             The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor

23   excessive fines imposed, nor cruel and unusual punishments inflicted."  The proscription applies

24   to the states through the Due Process Clause of the Fourteenth Amendment.  Robinson v.

25   California, 370 U.S. 660 (1962).  Prison brutality is part of the total punishment to which the

26

2

1    individual is being subjected for his crime and, as such, is a proper subject for Eighth

2    Amendment scrutiny.  Ingraham v. Wright, 430 U.S. 651, 669, (1977).  The Eighth Amendment

3    is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions

4    and serves as the primary source of substantive protection to convicted prisoners in cases where

5    the deliberate use of force is challenged as excessive and unjustified.  Whitley v. Albers, 475

6    U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

7              To constitute the "unnecessary and wanton infliction of pain" in the prison

8    context, the United States Supreme Court requires that both the objective and subjective

9    component of the Eighth Amendment be satisfied.  Wilson v. Seiter, 501 U.S. 294 (1991).  First,

10   the deprivation complained of must be sufficiently serious by objective standards.  Id. 501 U.S.

11   at 297.  A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's

12   necessities.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (violation requires

13   showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of

14   such base, inhumane and barbaric proportions as to shock the sensibilities)).  See Hudson v.

15   McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus); but see,

16   Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by

17   psychological harm alone, such that body searches of female inmates by male guards constitutes

18   cruel and unusual punishment).

19             Second, the prison officials responsible for the deprivation must act with a

20   sufficiently culpable state of mind by subjective standards.  Id.  To be sufficiently culpable, "the

21   offending conduct must be wanton."  Wilson, 501 U.S. at 299.  In situations where officials are

22   not acting under pressure, "deliberate indifference" constitutes wantonness.  Id. at 299-300.

23             The law makes clear that a mere dispute over the reasonableness of a particular

24   use of force or the existence of arguably superior alternatives does not amount to a triable issue

25   of fact.  Whitley v. Albers, id., 475 U.S. 319.  Further, physical force used by prison staff against

26

1  inmates does not constitute an Eighth Amendment violation when it is used in proportion to the

2  requirements of a given situation.  Hoptowit v. Ray, 682 F. 2d 1237, 1251 (9th Cir. 1982).

3          Here, Plaintiff fails to identify the individual who restrained him.  Further, the

4  facts fail to indicate what specific injury Plaintiff suffered.  Plaintiff concedes that he was

5  resistive, and engaged in a verbal altercation.  In order to state a claim, Plaintiff must allege facts

6  that indicate a named defendant engaged in conduct that constitutes excessive force as that term

7  is defined above.  Plaintiff must allege facts indicating that the conduct at issue was wanton.

8          The court finds the allegations in plaintiff's complaint vague and conclusory.

9  The court has determined that the complaint does not contain a short and plain statement as

10  required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,

11  a complaint must give fair notice and state the elements of the claim plainly and succinctly.

12  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

13  with at least some degree of particularity overt acts which defendants engaged in that support

14  plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ.

15  P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

16  amended complaint.

17          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21  there is some affirmative link or connection between a defendant's actions and the claimed

22  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

23  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

24          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

25  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

26

4

1  amended complaint be complete in itself without reference to any prior pleading.  This is

2  because, as a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux</u>

3  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

4  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

5  original complaint, each claim and the involvement of each defendant must be sufficiently

6  alleged.

7        In accordance with the above, IT IS HEREBY ORDERED that:

8        1.  Plaintiff's complaint is dismissed; and

9        2.  Plaintiff is granted thirty days from the date of service of this order to file a

10  first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

11  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

12  docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

13  file an amended complaint in accordance with this order will result in a recommendation that this

14  action be dismissed.

15

16  IT IS SO ORDERED.

17  **Dated:    February 21, 2007**       **/s/  William M. Wunderlich**

18  mmkd34       UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26