IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LEE,

        Plaintiff,                      CV F 04 5587 AWI  WMW   P

  vs.                               ORDER FINDING COMPLAINT
                                     STATES A COLORABLE CLAIM
                                     AND DIRECTING PLAINTIFF
                                     TO COMPLETE USM 285 FORMS

A. K. SCRIBNER, et al.,

        Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the March 27, 2007, first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Solano State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison.  Plaintiff names as defendants Warden Scribner, Correctional Officer (C/O) Lopez and Medical Technical Assistant (MTA) Miller.

       In an order dismissing the original complaint with leave to amend, the Court noted the following.  Plaintiff's claim in this complaint is that he was subjected to excessive force.  The event at issue occurred on October 9, 2003.  On that date, Plaintiff was denied entry to the dining

1

hall because he did not have his identification. Plaintiff asked to speak to a sergeant. A correctional officer "jumped in front of me, stating 'you ain't talking to nobody.'" Plaintiff asked the C/O "who the fuck was he, to tell me who I could talk to?" Plaintiff further stated "what was he going to do, jump me?" The C/O ordered Plaintiff to turn around so that he could place handcuffs on him. Plaintiff advised the C/O that he had a chrono that allowed for waist chains or handcuffs in the front. The C/O then "grabbed me from behind, threw me to the ground and dropped his knee into my back, although I warned him he had a bad back."

Plaintiff was then "dragged" toward the medical office. Medical personnel arrived with a wheelchair. Plaintiff was transported to the medical office in the wheelchair. Plaintiff alleges that once he was in the medical office, he was "handled in a way to provoke me into resisting." Plaintiff was placed into a security cage "with no regard for the pain that I was in." MTA Miller "then proceeded to kick my feet because I had trouble lifting my feet."

Plaintiff alleges that he was told that he would not be placed in Administrative Segregation or issued a disciplinary report if he signed a form stating that "there was nothing wrong with my back." Plaintiff signed the form "under duress and fear."

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The proscription applies

to the states through the Due Process Clause of the Fourteenth Amendment.  Robinson v. California, 370 U.S. 660 (1962).  Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny.  Ingraham v. Wright, 430 U.S. 651, 669, (1977).  The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified.  Whitley v. Albers, 475 U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

      To constitute the "unnecessary and wanton infliction of pain" in the prison context, the United States Supreme Court requires that both the objective and subjective component of the Eighth Amendment be satisfied.  Wilson v. Seiter, 501 U.S. 294 (1991).  First, the deprivation complained of must be sufficiently serious by objective standards.  Id. 501 U.S. at 297.  A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's necessities.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of such base, inhumane and barbaric proportions as to shock the sensibilities)).  See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus); but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by psychological harm alone, such that body searches of female inmates by male guards constitutes cruel and unusual punishment).

      Second, the prison officials responsible for the deprivation must act with a sufficiently culpable state of mind by subjective standards.  Id.  To be sufficiently culpable, "the offending conduct must be wanton."  Wilson, 501 U.S. at 299.  In situations where officials are not acting under pressure, "deliberate indifference" constitutes wantonness.  Id. at 299-300.         The law makes clear that a mere dispute over the reasonableness of a particular use of force or the

existence of arguably superior alternatives does not amount to a triable issue of fact. <u>Whitley v. Albers</u>, <u>id</u>., 475 U.S. 319. Further, physical force used by prison staff against inmates does not constitute an Eighth Amendment violation when it is used in proportion to the requirements of a given situation. <u>Hoptowit v. Ray</u>, 682 F. 2d 1237, 1251 (9th Cir. 1982).

The Court noted that in the original complaint, Plaintiff failed to identify the individual who restrained him. Further, the facts alleged failed to indicate what specific injury Plaintiff suffered. Plaintiff conceded that he was resistive, and engaged in a verbal altercation. Plaintiff was advised that in order to state a claim, he must allege facts indicating that a named defendant engaged in conduct that constitutes excessive force as that term is defined above. Plaintiff must allege facts indicating that the conduct at issue was wanton.

In the first amended complaint, Plaintiff alleges that C/O Lopez, despite knowing that Plaintiff had a chrono that prevented him from being handcuffed from behind, " grabbed me from behind, threw me to the ground and dropped his knee into my back." Plaintiff alleges that he was wearing a vest identifying him as a disabled inmate.

Plaintiff has alleged facts that, liberally construed, state an eighth amendment excessive force claim as to Defendant Lopez.

Accordingly, it is HEREBY ORDERED that:

1. Service is appropriate for the following defendants:

    C/O LOPEZ

2. The Clerk of the Court shall send plaintiff three 1 USM-285 form, one summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the first amended complaint filed March 27, 2007.

3. Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

       a.    Completed summons;

       b.    One completed USM-285 form for each defendant listed above; and

       c.    Two copies of the endorsed first amended complaint filed March 27, 2007.

4.    Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.    <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:**   <u>**January 11, 2008**</u>           <u>/s/  **William M. Wunderlich**</u>
                                                      UNITED STATES MAGISTRATE JUDGE