IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LEE,

        Plaintiff,         1: 04 CV 5587 AWI WMW PC

   vs.                         FINDINGS AND RECOMMENDATION

J. LOPEZ,

        Defendant.

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendant's motion to dismisss.

      This action proceeds on the March 27, 2007, first amended complaint on Plaintiff's claim of excessive force against Defendant Lopez. On May 5, 2008, Defendant Lopez responded by a motion dismiss for failure to exhaust administrative remedies prior to filing suit. Plaintiff has failed to oppose the motion.

      Local Rule 78-230(m) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion..." The court will deem plaintiff's failure to oppose defendant's motion to dismiss a waiver, and recommend that the motion be granted on that basis.

      Failure to follow a district court's local rules is a proper grounds for dismissal. <u>U.S. v.</u>

1  Warren, 601 F.2d 471, 474 (9th Cir. 1979).  Thus, a court may dismiss an action for plaintiff's
2  failure to oppose a motion to dismiss, where the applicable local rule determines that failure to
3  oppose a motion will be deemed a waiver of opposition.  See Ghazali v.Moran, 46 F.3d 52 (9th
4  Cir. 1995), cert. denied 116 S.Ct. 119 (1995) (dismissal upheld even where plaintiff contends he
5  did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to F.R.C.P. 5(b),
6  and time to file opposition); cf. Marshall v. Gates, No. 93-5022, slip op. 99, 105-06 (9th Cir. Jan.
7  4, 1995); Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (motion for
8  summary judgment cannot be granted simply as a sanction for a local rules violation, without an
9  appropriate exercise of discretion).

10      Further, Defendant's motion is supported by the declaration of L. Zamora, a Staff
11  Services Manager II in the Inmate Appeals Branch.  The declaration indicates that Plaintiff has
12  not filed a grievance at the third level regarding the conduct at issue in this lawsuit, the incident
13  on October 9, 2003.  In California, there are four levels of review - informal level, first formal
14  level, second formal level, and third formal level.  The third formal level constitutes the
15  Director's decision on appeal.  Cal. Code Regs. Tit. 15, § 3084.5(e)(2).  As noted, Plaintiff has
16  not filed an opposition to the motion.

17      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
18  prejudice for Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

19      These findings and recommendations are submitted to the United States District Judge
20  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days
21  after being served with these findings and recommendations, any party may file written
22  objections with the court and serve a copy on all parties.  Such a document should be captioned
23  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
24  shall be served and filed within ten days after service of the objections.   The parties are advised
25  that failure to file objections within the specified time waives all objections to the judge's
26

1  findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file
2  objections within the specified time may waive the right to appeal the District Court's order.
3  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4  IT IS SO ORDERED.
5  **Dated:   September 10, 2008**          /s/  **William M. Wunderlich**
                                             UNITED STATES MAGISTRATE JUDGE